UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00170-SCR

| | |
|---|---|
| **CHRISTOPHER SCOTT MARTINEZ,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>)<br>**Defendant.** ) | **MEMORANDUM AND ORDER OF REMAND** |

**THIS MATTER** is before the Court on "Plaintiff's Social Security Brief" (Doc. No. 8), "Defendant's Brief" (Doc. No. 15) and "Plaintiff's Reply" (Doc. No. 16).[1]

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the matter is ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>reverse</u> the Commissioner's decision.

### I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below.

---

[1] Following recent amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties no longer file dispositive motions.

1

Plaintiff filed the present action on November 16, 2022. He assigns error to the Administrative Law Judge's ("ALJ") formulation of his Residual Functional Capacity ("RFC").[2] See "Plaintiff's Brief" at 2-3, 7-25 (Doc. No. 8); Plaintiff's "Reply …" at 1-3 (Doc. No. 16). Specifically, Plaintiff argues that the decision is not supported by substantial evidence because of unresolved conflicts both within the RFC itself and between the RFC and the hypothetical the ALJ gave to the Vocational Expert ("VE"). Id.[3]

As to the RFC for Plaintiff, the ALJ wrote:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; <u>sitting for 6 hours, alternating to standing for 5 to 10 minutes for every hour of sitting; standing for 2 hours with alternating to sitting for 5 to 10 minutes after every **minute** of standing; walking for 2 hours with alternating to sitting for 5 to 10 minutes after every **minute** of walking</u>; operating hand controls with the left hand frequently; frequently reaching overhead to the left; never reaching overhead to the right; never reaching in all other directions with the right; handling items frequently with the left hand; fingering limitations of frequently with the left hand; feeling limitations of frequently on the left; never climbing ramps, stairs, ladders, ropes, or scaffolds; occasionally kneeling and crouching; never crawling; and never working at unprotected heights, around moving mechanical parts, or in vibration.

(Tr. 17) (emphasis added). Applying this RFC, the ALJ found that Plaintiff could not perform his past relevant work.[4] (Tr. 21-22). However, when seeking evidence from the VE, the ALJ gave him a hypothetical that differed from and was significantly less restrictive than the RFC outlined

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite your limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] Plaintiff also assigns error to the ALJ's alleged failure to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). See "Plaintiff's Brief" at 2-3, 19-25 (Doc. No. 8); Plaintiff's "Reply …" at 3-5 (Doc. No. 16). The ALJ's clear RFC error necessarily preceded and would have contributed to any alleged DOT conflict. Accordingly, the undersigned has not considered this assignment of error.

[4] The ALJ mistakenly stated that "[t]he vocational expert also testified that a person with a residual functional capacity as the one outlined in this decision could not meet the demands of these jobs" (Tr. 21), when in fact the VE's testimony was based on the less restrictive hypothetical discussed herein. (Tr. 60-61).

in the ALJ's decision. (Tr. 60-61). In relevant part, the ALJ's hypothetical stated, among other things: "[A claimant] who can stand for two hours in an eight-hour workday with the need to alternate to sit for five to ten minutes after every one <u>hour</u> of standing. And who can walk for two hours out of an eight-hour workday with the need to alternate to sitting for five to ten minutes after everyone one <u>hour</u> of walking." (Tr. 60) (emphasis added).

Based on the VE's testimony given in response to the hypothetical, the ALJ then found Plaintiff could perform other work existing in the national economy and was not disabled. (Tr. 23).

## II. <u>DISCUSSION</u>

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); <u>Biestek v. Berryhill</u>, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019); <u>Oakes v. Kijakazi</u>, 70 F.4th 207, 212 (4th Cir. 2023); <u>Arakas v. Comm'r of Soc. Sec.</u>, 983 F.3d 83, 94 (4th Cir. 2020). Substantial evidence is "more than a mere scintilla" and "[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Oakes</u>, 70 F.4th at 212 (quoting <u>Biestek</u>, 139 S. Ct. at 1154 (2019) (quotations omitted)). The threshold is "not high" and defers to the ALJ, "who has seen the hearing up close." <u>Id.</u> "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's.'" <u>Id.</u> (citing <u>Arakas</u>, 983 F.3d at 95 and quoting <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996)). But "even under this deferential standard, we do not 'reflexively rubber-stamp an ALJ's findings.'"

3

Id. (citing Arakas, 983 F.3d at 95 and quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Id. (citing Arakas, 983 F.3d at 95); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusions).

Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. See Monroe, 826 F.3d at 189; see also Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017)). In Patterson, the Court explained:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

846 F. 3d at 663 (citing Kohler v. Astrue, 546 F.3d 260, 267 (2d Cir. 2008)).

The question before the ALJ was whether Plaintiff became disabled at any time.[5] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. SSR96-8p, 1996 WL 374184, available at https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-08-di-01.html. The ALJ must also "include

---

[5] The term "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…

42 U.S.C. § 423(d)(1)(A); see also Pass v. Chater, 65 F.3d 1200, 1205 (4th Cir. 1995).

a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

SSR 96-8p explicitly directs:

In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§ 404.1512(a) & 416.912(a); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), mem. and recommendation adopted, 2012 WL 1858844 (May 22, 2012), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). See also Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) ("ALJ's analysis of

[plaintiff's] RFC contains too little logical explanation for us to conduct meaningful appellate review").

Similarly, the Court finds here that the ALJ's RFC contains unresolved internal conflicts preventing meaningful judicial review. The ALJ found Plaintiff could stand or walk for two hours per day but would have to sit for five to ten minutes after every minute of walking or standing. (Tr. 17). The RFC also limited Plaintiff to sitting for six hours with standing five to ten minutes after every hour of sitting. Id. It is not possible to translate the RFC restrictions into an eight-hour workday, even reading the RFC in the least restrictive terms. To meet the sitting accommodation, after standing or walking for a total of 2 hours, Mr. Martinez would need 600 minutes of sitting time in a workday (120 minutes standing or walking multiplied by 5 minutes sitting). This equates to 10 hours of sitting, longer than the entire eight-hour workday described in Agency policy. SSR 96-8p. This internal conflict prevents judicial review and warrants remand. Arakas, 983 F.3d at 106 ("The ALJ's cursory explanation fell far short of his obligation to provide 'a narrative discussion [of] how the evidence support[ed] [his] conclusion,' and '[a]s such, the analysis is incomplete and precludes meaningful review.'") (quoting Monroe 826 F.3d at 190-91); Keen v. Kijakazi, No. 4:20-CV-99 (KS), 2022 WL 851722, *4 (E.D.N.C. Mar. 22, 2022) (finding remand is required because the ALJ would need to reconcile his finding that Plaintiff can perform reasoning level 2 jobs but can only perform jobs with 'very short and simple' instructions) (citations omitted).

Moreover, the RFC limitation regarding a need to sit for five to ten minutes after every minute of standing or walking (Tr. 17) is more restrictive than the hypothetical question presented to the VE at the hearing, which involved sitting for five to ten minutes after every hour of standing or walking (Tr. 60). Put simply, the hypothetical did not include all the limitations the ALJ found

in the RFC. Therefore, the VE's testimony cannot provide substantial evidence to support the ALJ's denial of benefits.

Indeed, "[v]ocational expert testimony must be based upon a consideration of all the evidence in the record and must address a proper hypothetical question that fairly sets forth each of the claimant's impairments." Houston v. Astrue, No. 3:10-CV-470 (MOC-DSC), 2011 WL 4747894 at *3 (W.D.N.C. Aug. 24, 2011) (citations omitted), mem. and recommendation adopted, 2011 WL 4747879, *2 (W.D.N.C. Oct. 7, 2011) ("The court agrees with the finding of the magistrate judge that the hypothetical posed to the VE did not include all of the limitations as found by the ALJ. . . [and] a new hearing is appropriate for the limited purpose of allowing the ALJ to resubmit a hypothetical to the VE that includes all of the plaintiff's limitations."); see also Lane v. Astrue, No. 2:11-CV-06, 2012 WL 1032705, *4 (W.D.N.C. March 9, 2012) ("Because the hypothetical question failed to adequately reflect the Plaintiff's RFC as determined by the ALJ, the ALJ's conclusion that jobs existed in significant numbers in the national economy that Plaintiff could have performed is not supported by substantial evidence"), mem. and recommendation adopted, 2012 WL 1030472 (W.D.N.C. March 27, 2012); Martin v. Astrue, No. 1:11–2390 (RMG–SVH), 2012 WL 5292897, *8 (D.S.C. Sept. 24, 2012) (ALJ's "failure to include [a limitation stated in the RFC] in the hypothetical is reversible error"), mem. and recommendation adopted, 2012 WL 5292891 (D.S.C. Oct. 24, 2012).

More broadly, "for a vocational expert's opinion to be 'relevant or helpful,' it must be responsive to a proper hypothetical question … [which] 'fairly set[s] out all of claimant's impairments' that the record supports." Britt v. Saul, 860 F. App'x 256, 263 (4th Cir. 2021) (quoting Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)). "Put another way, for our review an administrative law judge can rely on the answer to a hypothetical question so long as the question

7

'adequately reflect[s]' a residual functional capacity that is supported by sufficient evidence." Id. (quoting Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005) and Mascio, 780 F.3d at 638.

Defendant argues repeatedly that the ALJ's RFC contains a "clear" and "obvious" "typographic error" and that it "strains logic to believe" the ALJ intended to draft the RFC as written. See Defendant's Brief. (Doc. No. 15 at 1-2, 4, & 7-8). Rather than point to specific findings – for instance, a second recitation of the RFC that substituted hours for minutes as the Defendant urges the Court to do – Defendant merely invites the Court to substitute its judgment for the ALJ's stated findings and re-write the RFC. The ALJ stated the RFC once in its written decision (Tr. 17). The supposed typographical error, if any, occurred at least twice – with reference to standing and walking – and perhaps a third time in reference to sitting. (Tr. 17). In addition, the ALJ mistakenly stated that "[t]he vocational expert also testified that a person with a residual functional capacity as the one outlined in this decision could not meet the demands of these jobs" (Tr. 21), when in fact the VE's testimony was based on the less restrictive hypothetical. (Tr. 60-61). The Defendant would have the Court correct two or three "typographical" errors—if they are indeed typographical—and then also correct the erroneous statement by the ALJ that the RFC as stated in the decision was the one presented to the VE. Such an exercise is not proper for this Court.

Defendant's sole case on the internal inconsistency issue, Burns v. Colvin, No. 3:14-cv-270-RJC, 2016 WL 270311, *4 (W.D.N.C. Jan. 20, 2016), demonstrates Defendant's shortcomings here. In Burns, while the ALJ recited the RFC three times in the hearing decision, he made a typographical error in only one. Id. In that instance where the ALJ's intention was clearly and expressly stated twice, the Court properly corrected a clear typographical error. Id.

Concerning the conflict between the RFC and hypothetical, Defendant cites Dugger v. Berryhill, No. 5:18-113 (GCM-DCK), 2019 WL 4023610, *6-7 (W.D.N.C. June 14, 2019), mem. and recommendation adopted, 2019 WL 4021033 (W.D.N.C. Aug. 26, 2019), which is inapposite. In Dugger, the ALJ added a restriction to the hypothetical that was not present in the RFC. Id. Specifically, the ALJ asked the VE about a limitation to "occasional interaction with supervisors, coworkers, and the public," but the limitation on interaction with "the public" did not appear in the ALJ's written decision. Id. The Court found that inconsistency to be harmless error. Id. Here, however, the stated RFC is more restrictive than the hypothetical the ALJ gave the VE.

Rather than point the Court to clear evidence of a typographical error, Defendant merely urges the Court to review the record and conclude that "[b]ecause the ALJ's intent is obvious, the typographical error is not a sufficient basis to remand." (Doc. No. 15 at 2). This amounts to expecting the Court to infer – or guess – the ALJ's logic, which the Court may not do. See Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (noting it is "not our province to 'reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]' and it is also not our province―nor the province of the district court―to engage in these [fact-finding] exercises in the first instance.") (quoting Hancock v. Astrue, 667 F.3d 470,472 (4th Cir. 2012)). Instead, it is Defendant's—and her designee, the ALJ's—obligation to logically explain its decision to deny benefits. Id.; see also Arakas, 983 F.3d at 95; Monroe, 826 F.3d at 179. Although multiple explanations for the present inconsistencies are possible, the hearing decision in its present form does not logically explain the ALJ's decision. Accordingly, remand is required.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for

a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[6]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: July 11, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

---

[6] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see also Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990). In this case, a new hearing is required.